UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **ISF 4550 VILLAGE CREEK LLC,** § § § *Plaintiff*, § § **v.** § § **CITY OF FORT WORTH, TEXAS,** § § § *Defendant.* § | Cause No. 4:24-cv-770 |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff ISF 4550 Village Creek LLC, a Texas limited liability company, files this Original Complaint complaining of the following causes of action against Defendant City of Fort Worth, Texas, a Texas municipal corporation, and would respectfully show the Court as follows:

### SUMMARY

Plaintiff purchased land located in the City of Fort Worth that was zoned, platted and used for industrial purposes. Without providing notice, the City initiated a process to revise its comprehensive plan and downzone the tract to residential uses. Plaintiff attempted to negotiate with the City for a mutual agreement as to land uses or an appropriate price for the City to acquire title to Plaintiff's land. Because the City arbitrarily refused both options, Plaintiff was forced to file this suit.

### PARTIES

1. Plaintiff ISF 4550 Village Creek LLC ("Village Creek") is a Texas limited liability company with its principal address at 10210 North Central Expressway #300, Dallas, Texas, 75231.

2. Defendant City of Fort Worth ("City") is a home rule municipal corporation duly organized and existing under the laws of the State of Texas. The City can be served with process through its city secretary, Jannette Goodall, at New City Hall, 100 Fort Worth Trail, Fort Worth, Texas 76102.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that the controversy arises under the Constitution, laws, or treaties of the United States. This Court also has jurisdiction under 28 U.S.C. § 1343(a)(3) because this is a civil action "to redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;" under 28 U.S.C. § 1367(a), which provides supplemental jurisdiction over state law claims so related to claims in an action within this Court's original jurisdiction that they form part of the same case or controversy; under 28 U.S.C. § 2201, to secure declaratory relief; under 28 U.S.C. § 2202 to secure injunctive relief; and under 42 U.S.C. § 1988, to award attorneys' fees.

4. Venue is properly vested in this Court pursuant to 28 U.S.C. § 1391(b) because the City is located within the judicial district of this Court and the causes of action involve land located within the judicial district of this Court.

5. The City does not enjoy immunity with respect to the claims asserted in this Complaint due to the City's violations of Plaintiff's constitutional rights, inverse condemnation/regulatory takings, violations of Plaintiff's civil rights under Title 42 of the United States Code and vested rights under Chapter 245 of the Texas Local Government Code.

## NATURE OF THE ACTION

6. Village Creek owns a 6.8442 acre tract ("Subject Property") within the City limits. Village Creek purchased the Subject Property on June 27, 2022, for industrial development and use. At that time, the tract had the following development entitlements approved by the City:

   a. Comprehensive plan designation for future industrial land use.

   b. Industrial Park District zoning.

   c. A final plat ("Plat") entitled Village Creek Industrial Park dated April 1, 2002.

   d. A site plan for vehicular storage ("2019 Site Plan") approved on October 17, 2019.

   e. A certificate of occupancy plan review comments for trailer parking and storage approved on August 26, 2020.

   f. A certificate of occupancy for storage-parking garage approved and issued on September 9, 2020.

7. Prior to Village Creek's purchase, the parking area on the Subject Property had been leased for parking commercial trucks and trailers and expanded in the past few years to include boats, trailer chassis, and numerous other uses. Village Creek's reasonable-investment backed expectations were based on both the property owner's and City's anticipation of industrial development and use of the Subject Property.

8. After Village Creek purchased the Subject Property, the City changed its comprehensive plan designation for the Subject Property from industrial to residential without Village Creek's knowledge or consent. In Texas, zoning regulations must be adopted in accordance with a comprehensive plan. Tex. Loc. Gov't Code § 211.004.

9. Next, the City decided to unilaterally downzone the Subject Property to a residential use designation ("City Application") again without Village Creek's knowledge or consent.

10. After finally being contacted by the City, Village Creek's representatives met with City representatives on January 17, 2024, and February 8, 2024, to discuss the landowners' concerns regarding a possible downzoning of the Subject Property and offered to seek a potential compromise with respect to acceptable land uses for the Subject Property. Village Creek requested more time to allow this negotiation process to proceed.

11. During these meetings, none of the City representatives informed Village Creek that the City Application was already scheduled to be included as an agenda item on the February 14, 2024 Zoning Commission agenda. The City did not send written notice of the City Application as required by state statute. Village Creek remained unaware of this possibility until its planning consultant reviewed the posted Zoning Commission agenda because he was working on a separate case. Needless to say, Village Creek was totally blindsided because the City did not mention this already planned public hearing at the February 8, 2024 meeting.

12. At the February 14, 2024, Fort Worth Zoning Commission meeting, Village Creek representatives stated their concerns which were wholly ignored as the Commission voted unanimously in favor of downzoning the Subject Property rather than continuing the case to a subsequent meeting to allow for further discussion. The Commission's recommended zoning district was CR Low Density Multifamily Residential.

13. After the Zoning Commission meeting, the City requested that Village Creek attend a meeting of the neighbors, City representatives and the Echo Heights Stop Six Environmental Committee. In light of the way it had been previously treated, Village Creek was extremely reluctant to attend this meeting. But in a showing of good faith, Village Creek's representatives

attended the meeting on February 28, 2024. At the meeting, the neighborhood refused to consider any land uses other than residential.

14. The City Council was supposed to decide the Subject Property's fate on March 19, 2024, but the case did not appear on the Council agenda. The City Attorney's office then contacted Village Creek's counsel with an offer by Councilmember Martinez to negotiate potential land uses that would be agreeable to both the City and Village Creek. These negotiations took place from March 15, 2024, to April 23, 2024, and focused on allowing some nonresidential uses on the Subject Property. Even though these negotiations were proving to be fruitful, the City Attorney's office indicated on April 23, 2024, that the councilmember had changed her mind and that only residential zoning would be acceptable to neighbors and the City.

15. In March 2024 Village Creek requested a PDC meeting at the City and forwarded a site plan for industrial uses to the City. The City cancelled the scheduled PDC meeting.

16. The Zoning Commission recommended on May 8, 2024, to downzone the Subject Property to CR Low Density Multifamily District. Village Creek did not receive written notice of the downzoning hearing as required by § 211.007, Tex. Loc. Gov't Code.

17. On May 9, 2024, the City Attorney's office informed Village Creek's counsel that "the City is interested in purchasing your client's tract." However, the City refused to postpone the scheduled May 21, 2024 Council meeting on the downzoning in order to allow good faith negotiations to proceed.

18. On May 21, 2024, the Fort Worth City Council unanimously voted to rezone the Subject Property to the CR District. At this meeting, Mayor Mattie Parker stated that the City might be interested in purchasing the Subject Property.

19. The City Attorney's office subsequently asked Village Creek to make an offer to sell the Subject Property to the City supported by written documentation. Village Creek made an offer of $3,096,737.03, which consisted of the $2,082,149.50 purchase price paid by Village Creek along with $719,386.90 representing the actual hard costs and $295,200.63 representing the actual predevelopment and soft costs paid by Village Creek to improve the Subject Property. These improvements remedied many of the property condition defects caused by the prior owner that were objected to by the neighborhood. Village Creek's offer was fair and reflected written documentation of Village Creek's reasonable investment in the Subject Property.

20. Despite knowing that time was of the essence, the City continually delayed responding to Village Creek's offer. Finally on July 19, 2024, the City Attorney's office sent an e-mail to Village Creek's counsel stating: (a) there would be further delay, (b) a City-procured appraisal showed a market value number of $1,790,000.00, which is significantly less than the actual costs to purchase and improve the Subject Property, and (c) that even this low-ball amount might not be formally offered depending upon the City's upcoming budget process.

21. Due to the City's actions, Village Creek has been delayed in using the Subject Property for its intended industrial use. On August 2, 2024, Village Creek's counsel sent an e-mail to the City Attorney's office with a copy of a draft complaint and establishing a deadline of noon, August 7, 2024, for the City to confirm it will purchase the Subject Property in good faith. The City did not respond by this deadline and this lawsuit was therefore filed.

**PLAINTIFF'S CLAIMS FOR RELIEF**

First Cause of Action
(Declaratory Relief)

22. Village Creek incorporates the foregoing paragraphs as if fully set forth herein.

23. Village Creek seeks a declaratory judgment pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. § 2201, that the City's downzoning ordinance cannot be applied to Village Creek's project pursuant to § 245.002(b) of the Texas Local Government Code. Immunity is waived under § 245.006 of the Texas Local Government Code.

24. Village Creek seeks a declaratory judgment pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. § 2201, that the City's downzoning ordinance is null and void because the City did not provide statutory written notice and therefore did not comply with § 211.007 of the Texas Local Government Code. Immunity is waived for challenges to a void ordinance.

Second Cause of Action
(Chapter 245 Rights)

25. Village Creek incorporates the foregoing paragraphs as if fully set forth herein.

26. Tex. Loc. Gov't Code § 245.006(a) provides that: "(a) This chapter may be enforced only through mandamus or declaratory or injunctive relief. (b) A political subdivision's immunity from suit is waived in regard to an action under this chapter. (c) A court may award court costs and reasonable and necessary attorneys' fees to the prevailing party in an action under this chapter."

27. Pursuant to Tex. Loc. Gov't Code § 245.006(a), the Court should declare that the ordinances imposed by the City after the first permit for the project on the Subject Property cannot legally be applied to Village Creek's development of the Subject Property.

Third Cause of Action
(Inverse Condemnation)

28. Village Creek incorporates the foregoing paragraphs as if fully set forth herein.

29. The City's decision to downzone the Subject Property is an intentional refusal to allow Village Creek's use of the Subject Property in accordance with its investment-backed expectations. Because the City took these actions for public use as a result of complaints by

members of the public, the actions constitute a temporary or permanent taking of Village Creek's property rights in violation of Art. I, § 17 of the Texas Constitution and the Fifth Amendment of the U.S. Constitution.

30. The City does not enjoy sovereign immunity as to inverse condemnation claims. Village Creek seeks actual damages for the City's regulatory taking of its protected property interests, as well as its actual damages pursuant to 42 U.S.C. § 1983 and attorneys' fees pursuant to 42 U.S.C. § 1988(b) based on the City's violations of the Fifth Amendment of the U.S. Constitution.

Fourth Cause of Action
(Denial of Due Process and Due Course)

31. Village Creek incorporates the foregoing paragraphs as if fully set forth herein.

32. For the reasons set forth above, the City has refused and deprived Village Creek of its protected property rights in violation of the due process and due course provisions under the Fifth and Fourteenth Amendments of the U.S. Constitution and Article I, Section 19 of the Texas Constitution. The City's actions have been arbitrary and have been taken as regulators to take Village Creek's property rights and benefit the City. These actions were taken without giving Village Creek statutory notice. The City does not enjoy sovereign immunity for constitutional violations.

33. Village Creek has sustained, and seeks an award of, permanent and/or temporary damages resulting from the City's violation of Village Creek's right to due process and due action, as well as its actual damages pursuant to 42 U.S.C. § 1983, along with an award of attorneys' fees pursuant to 42 U.S.C. § 1988(b) based on the City's violations of the Fifth and Fourteenth Amendments of the United States Constitution.

Fifth Cause of Action
<u>(Attorneys' Fees)</u>

34. Village Creek incorporates the foregoing paragraphs as if fully set forth herein.

35. Under the authority of the Texas Uniform Declaratory Judgment Act, Texas Local Government Code § 245.006(c), et seq., and 42 U.S.C. § 1988, Village Creek additionally claims reasonable attorneys' fees, both in the trial of this cause and in connection with any subsequent appeal.

**JURY TRIAL**

36. Village Creek hereby demands a jury trial.

**CONDITIONS PRECEDENT**

37. All conditions precedent to Plaintiff being entitled to bring this action and recover the relief requested herein have been performed, have occurred or have been waived.

WHEREFORE, PREMISES CONSIDERED, Plaintiff ISF 4550 Village Creek LLC prays that the Court enter judgment as follows:

(a) That the Court issue the declarations requested herein;

(b) That the Court award to Village Creek damages suffered in excess of the minimum jurisdictional limits of this Court;

(c) That the Court award damages, cost of suit, attorneys' fees, and prejudgment and post-judgment interest as provided by law; and

(d) That the Court award such other and further relief to which Village Creek may be justly entitled.

Respectfully submitted,

WINSTEAD PC
2728 N. Harwood Street
Dallas, Texas 75201
(214) 745-5745 – Phone
(214) 745-5390 – Fax


By:/s/ *Arthur J. Anderson*
    Arthur J. Anderson - State Bar No. 01165957
    aanderson@winstead.com
    Matthew K. Joeckel – State Bar No. 24110052
    mjoeckel@winstead.com

**ATTORNEYS FOR PLAINTIFF ISF 4550 VILLAGE CREEK LLC**